UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON PATTEN,<br><br>    Plaintiff,<br><br>    v.<br><br>LELAND W. HANCOCK, et al.,<br><br>    Defendants. | Case No. 15-cv-04022-JSW<br><br>**ORDER DENYING MOTION TO DISMISS AND ORDER TO SHOW CAUSE REGARDING TRANSFER OF VENUE**<br><br>Re: Docket No. 23 |

Now before the Court for consideration is the motion to dismiss filed by Defendants, Leland W. Hancock ("Mr. Hancock") and Beverly J. Hancock ("Mrs. Hancock") (collectively, "the Hancocks"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for January 22, 2016, and it HEREBY DENIES the Hancocks' motion.

**BACKGROUND**

Plaintiff, Leon Patten ("Patten") is a tenant in an apartment complex located at 620 West Flora Street, Stockton, California (the "Complex"), which the Hancocks own. (Compl. ¶¶ 10, 13.) Patten has an amputated leg. (*Id.* ¶ 8.) He alleges that the only laundry facilities are located on the second floor of the Complex and alleges that the Complex does not have an elevator. (*Id.* ¶¶ 18-20.) According to Patten, as a result, he has been denied access to the laundry room, in violation of Title III of the Americans with Disabilities Act of 1990 (the "ADA Claim"). *See* 42 U.S.C. § 12182(a).[1]

---

[1] Patten also includes a number of state law claims relating to his tenancy. However, he alleges that subject matter jurisdiction is premised on the ADA Claim. (Compl. ¶ 4.)

The Court shall address additional facts as necessary in the analysis.

## ANALYSIS

**A.      Applicable Legal Standard.**

The Hancocks move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack on the jurisdiction occurs when factual allegations of the complaint are taken as true. *Federation of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). The plaintiff is then entitled to have those facts construed in the light most favorable to him or her. *Federation of African Am. Contractors*, 96 F.3d at 1207. A factual attack on subject matter jurisdiction occurs when defendants challenge the actual lack of jurisdiction with affidavits or other evidence. *Thornhill*, 594 F.2d at 733; *see also Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Where, as is the situation here, a defendant "raises a factual attack, the plaintiff must support … jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Leite*, 749 F.3d at 1121 (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)). The district court may resolve those factual disputes itself, unless "the existence of jurisdiction turns on disputed factual issues[.]" *Id.* at 1121-22 (citing *Safe Air for Everyone*, 373 F.3d at 1039-40, *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983), and *Thornhill*, 594 F.2d at 733).

> "Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood*, 327 U.S. 678[.]" *Sun Valley Gas., Inc. v. Ernst Enters.,* 711 F.2d 138, 140 (9th Cir.1983). In *Bell*, the Supreme Court determined that jurisdictional dismissals are

> warranted "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." 327 U.S. at 682–83.
>
> We have held that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley*, 711 F.2d at 139 (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983)). The question of jurisdiction and the merits of an action are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.*

*Safe Air for Everyone*, 373 F.3d at 1039-40.

**B.   Patten Has Met His Burden to Show the Court Has Subject Matter Jurisdiction.**

The Hancocks argue that the Court lacks jurisdiction over the ADA claim, because the laundry room is not a "public accommodation," under the ADA. In general, residential apartment complexes do not fall within the scope of the ADA's definition of public accommodation. 42 U.S.C. § 12181(7)(A)-(L); *see also Independent Housing Services of San Francisco v. Fillmore Center Associates*, 840 F. Supp. 1328, 1344 n.14 (N.D. Cal. 1993) (citing legislative history of the ADA for the proposition that the term "other places of lodging" does not include residential facilities). However, "areas within multifamily residential facilities that qualify as places of public accommodation are covered by the ADA *if use of the areas is not limited exclusively to owners, residents, and their guests.*" Department of Justice, Americans with Disabilities Act Title III Technical Assistance Manual Covering Public Accommodations and Commercial Facilities, § III-1.2000 (1994 Supp.) (emphasis added).

Mr. Hancock attests that "[t]he washer and dryer facilities described in the Complaint at the [Complex] are exclusively for tenant use and the general public is not invited or permitted to use the washer and dryer facilities." (Docket No. 23-1, Declaration of Leland Hancock, ¶ 5.) Mr. Hancock also attests that a resident of the Complex serves as an on-site manager. (Docket No. 30-1, Reply Declaration of Leland Hancock ("Hancock Reply Decl."), ¶ 2.) Mr. Hancock further attests that one of the duties of the on-site manager is to open the washer and dryer facilities at the Complex at 9:00 a.m. and close and lock the facilities at 9:00 p.m. He attests that he has

1  instructed the on-site manager that "the washer and dryer facilities are for the use of tenants and
2  their guests."  (*Id.*, ¶¶ 3-4.)

3  In response, Patten submits a declaration from his counsel, who attests that during an
4  inspection of the Complex, he "found at least two coin-operated laundry rooms upstairs.  The
5  doors to both laundry rooms were open.  There was no active mechanism to limit access to
6  residents.  There was no mechanism to restrict access from non-residents.  I saw no signs
7  indicating that the laundry rooms were open to tenants only."  (Docket No. 18, Declaration of Sam
8  Taherian, ¶¶ 17-18, Ex. B.)

9  Patten also submits a declaration from Antwoine Guyton, who attests that he worked as a
10 "cleanup person" for the property manager.  (Docket No. 20, Declaration of Antwoine Guyton
11 ("Guyton Decl."), ¶ 1.)  According to Mr. Guyton, "[f]rom at least September 2014 through
12 present, the laundry facilities have been open to the public.  The doors of the laundry facilities
13 have always been wide open, even into the night," and "[t]here is no sign indicating the laundry
14 rooms are restricted to tenants."  (*Id.*, ¶¶ 5-6.)  Patten also submits a declaration from Eugene
15 Patrick Green, who describes himself as a "transient."  (Docket No. 21, Declaration of Eugene
16 Patrick Green, ¶ 1.)  Mr. Green attests that he has been using the laundry rooms on the second
17 floor of the Complex since the first half of 2015.  (*Id.*, ¶ 3.)

18 The Court concludes that Patten has met his burden to show that there are disputed issues
19 of fact on the issue of whether the laundry room is limited to tenants' use or is open to the general
20 public.  Because the statute that provides the basis for the Court's jurisdiction also provides the
21 basis for Patten's substantive claim for relief, and because, at this stage of the litigation, the Court
22 cannot say Patten's claims are frivolous, the Court DENIES the motion to dismiss.  *See, e.g.,*
23 *Thornhill*, 594 F.2d 730, 734 (9th Cir.1979) ("[W]hen a statute provides the basis for both the
24 subject matter jurisdiction of the federal court and the plaintiffs' substantive claim for relief, a
25 motion to dismiss for lack of subject matter jurisdiction rather than for failure to state a claim is
26 proper only when the allegations of the complaint are frivolous.") (quotation omitted).
27 //
28 //

4

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Hancock's motion to dismiss. The Court's ruling, however, is without prejudice to the Hancock's renewing this argument by way of a properly noticed motion for summary judgment.

Although the Defendants are located in this District, Plaintiff and the Complex are located in the Eastern District of California. Courts may "transfer a case *sua sponte* under the doctrine of forum non conveniens, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue." *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Accordingly, the parties are HEREBY ORDERED to show cause why the Court should not transfer this case to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. section 1404(a). The Court Orders that Patten's response to this Order to Show Cause shall be due by January 29, 2016. The Hancock's response shall be due by no later than February 12, 2016. Patten may file a reply by February 19, 2016. The Court shall issue an Order regarding transfer once Patten has filed his reply.

IT IS SO ORDERED.

Dated: January 14, 2016

_____
JEFFREY S. WHITE
United States District Judge