UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEON PATTEN,

          Plaintiff,

    v.

LELAND W. HANCOCK, et al.,

          Defendants.

Case No. 15-cv-04022-JSW

**ORDER OF TRANSFER**

Re: Docket No. 33

## BACKGROUND

Plaintiff, Leon Patten ("Patten") is a tenant in an apartment complex located at 620 West Flora Street, Stockton, California (the "Complex"), which the Hancocks own. (Compl. ¶¶ 10, 13.) Patten has an amputated leg. (*Id.* ¶ 8.) He alleges that the only laundry facilities are located on the second floor of the Complex and alleges that the Complex does not have an elevator. (*Id.* ¶¶ 18-20.) According to Patten, as a result, he has been denied access to the laundry room, in violation of Title III of the Americans with Disabilities Act of 1990 (the "ADA Claim"). *See* 42 U.S.C. § 12182(a).[1]

On January 14, 2016, the Court denied Defendants' motion to dismiss and issued an Order to Show Cause why the matter should not be transferred to the United States District Court for the Eastern District of California, where the Complex is located. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9thc Cir. 1998) (Courts may "transfer a case *sua sponte* under the doctrine of forum non conveniens, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue."). The parties timely filed their opening and

---

[1] Patten also includes a number of state law claims relating to his tenancy. However, he alleges that subject matter jurisdiction is premised on the ADA Claim. (Compl. ¶ 4.)

responsive briefs. Patten did not file a reply by the deadline set by the Court. Accordingly, the matter is now ripe for decision.

**ANALYSIS**

Pursuant to 28 U.S.C. section 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice. A court must weigh multiple factors to determine whether transfer is appropriate in a particular case. For example, the court may consider: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum. Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508 -09 (1947); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

Plaintiff opposes transfer, and argues that there will not be any factual disputes relating to the condition of the property, he may move to Oakland at some unspecified point in time, and his lawyers are located in this District. Defendants, although residents of the Northern District, support transfer.

Patten initially filed suit in this District, apparently based on the fact that Defendants reside in Contra Costa County. A court should give a plaintiff's choice of forum great deference unless the defendant can show that other factors of convenience clearly outweigh the plaintiff's choice of forum. *Decker Coal Co.*, 805 F.2d at 843. The deference accorded to a plaintiff's chosen forum should be balanced against both the extent of a defendant's contacts with the chosen forum and a plaintiff's contacts, including those relating to a plaintiff's cause of action. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice is only entitled to minimal consideration." *Id.* Although Defendants reside in this District, according to his response, Patten currently resides in San Joaquin County. As noted, he argues that at some unspecified point in time, he may re-locate to Oakland. However, the operative facts relating to Patten's complaint occurred in the Eastern District. Accordingly, the Court shall give Patten's choice of forum some, but not great,

deference.

In addition to considering Patten's choice of forum, the Court considers the relative convenience to all the parties involved in the lawsuit of the competing forums when deciding a motion to transfer. *Gulf Oil*, 330 U.S. at 508. The convenience of witnesses is often the most important factor in resolving a motion to transfer. The trial court looks at who the witnesses are, where they are located, and the relevance of their testimony. *A.J. Industries, Inc. v. United States District Court*, 503 F.3d 384, 389 (9th Cir. 1974). As noted, Patten is currently residing in San Joaquin County, and although Defendants live in this District, they support transfer. Defendants also submit a declaration stating that relevant witnesses reside in the Eastern District, including a former on-site manager of the Complex, the current tenant-resident manager, as well as the non-party witnesses who submitted declarations in opposition to Defendants' motion to dismiss. (Docket No. 35-1 (Declaration of Leland Hancock, ¶ 4.) The Court finds that this factor weighs in favor of transfer.

Access to sources of proof is another factor that favors transfer. *Gulf Oil*, 330 U.S. at 508. The Court recognizes that "[w]ith technological advances in document storage and retrieval, transporting documents generally does not create a burden." *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007). In this case, however, the physical state of the Complex is relevant to Patten's ADA Claim, and it is located in the Eastern District, and Patten also has asserted claims relating to his tenancy. The Court finds that this factor weighs in favor of transfer.

Each forum would be familiar with the applicable law, and therefore this factor is neutral.

Finally, the Court considers is the relative court congestion in each forum. As of March 2014, the Northern District and the Eastern District had a substantially similar number of civil cases pending and also do not have a large difference on the median time between filing and disposition. *See* https://www.uscourts.gov/statistics/table/c-1/federal-judicial-caseload-statistics/2014/03/31; https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2014/03/31 (last visited Feb. 19, 2016). On balance, this factor is neutral or weighs slightly in favor of transfer.

//

**CONCLUSION**

For the foregoing reasons, and having considered and weighed each of the relevant factors, the Court concludes that, in the interests of justice and for the convenience of the parties and witnesses, this case should be transferred to the United States District Court for the Eastern District of California. The Clerk shall transfer the matter forthwith and shall close the file.

**IT IS SO ORDERED.**

Dated: February 22, 2016

_____
JEFFREY S. WHITE
United States District Judge

4