UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON PATTEN, | No. 2:16-cv-391-EFB |
| Plaintiff, | |
| v. | ORDER |
| LELAND W. HANCOCK, BEVERLY J. HANCOCK, CHRISTOPHER ALLEN FRAZIER, | |
| Defendants. | |

The court set a status (pretrial scheduling) conference for August 31, 2016, and directed the parties to file, no later than 14 days prior to the conference, a joint status report addressing various scheduling matters outlined in the court's February 23, 2016 order.[1]  ECF No. 44; *see* ECF No. 39.

The parties timely filed a joint report but it does not address any of the scheduling matters required by Fed. R. Civ. P. 16 (b)(3) and the court's prior order directing the filing of a joint status report.  ECF No. 45.  Instead, their report requests that the scheduling conference be continued 60 days to allow the parties to discuss settlement options, conduct discovery, and evaluate dispositive motions.  *Id*. at 2.  It further states that "if the matter is not settled via negotiations or a dispositive motion, parties will likely ask the court to set the matter for trial."

---

[1] This case is before the undersigned pursuant to the parties' consent.  ECF No. 43; *see* 28 U.S.C. § 636(c).

1

1    While the court appreciates the parties' efforts to resolve the case, the joint report in
2 essence request a further stay of the case.[2]  Yet there is neither a motion for stay nor a stipulation
3 and order for a stay that sets forth in detail the reasons why an additional 60 days is necessary to
4 decide whether to settle this case.  Further, the parties have not addressed the requirement of Rule
5 26(f) that they submit a written discovery plan.  Fed. R. Civ. P. 26(f)(2)-(3).  Rule 16 requires the
6 court to issue a scheduling order after receiving the parties' discovery plan or after consulting
7 with the parties at a scheduling conference.  Fed. R. Civ. P. 16(b)(1).
8    The court cannot simply ignore Rule 16.  Because the parties have not submitted a
9 stipulation and order describing the good cause which warrants yet another stay of 60 days to
10 explore settlement, the implied request in the joint report for a stay must be denied.  However,
11 with the failure of the parties to include in their joint status report a discovery plan or any of the
12 other Rule 16 scheduling matters detailed in the court's February 23, 2016 order, the scheduling
13 conference must nonetheless be continued to facilitate the filing of a status report in compliance
14 with the court's orders and Rule 16(b)(2).
15    Accordingly, it is hereby ORDERED that:
16    1. The parties' request for a 60-day continuance of the scheduling conference (ECF No.
17 45) is denied;
18    2. The status (pretrial scheduling) conference is continued to September 14, 2016 at 10:00
19 a.m., in Courtroom No. 8.
20    3. By no later than August 31, 2016, the parties shall submit a joint status report in
21 compliance with the court's February 23, 2016 order.  *See* ECF No. 39.
22 /////
23 /////
24 /////

---

25    [2] The previous judge in this case ordered the parties to engage in settlement negotiations
26 and ordered the case stayed pending those efforts.  ECF No. 40.  That stay was lifted and the
parties were ordered to address the Rule 16 scheduling factors so that the court could issue the
27 order mandated by Rule 16(b)(2) ("The judge *must* issue the scheduling order as soon as
practicable" and absent good cause "within the earlier of 90 days after any defendant has been
28 served with the complaint or 60 days after any defendant has appeared." (emphasis added)).

1    4.  Alternatively, the parties may submit a stipulation and order which explains the good
2 cause that necessitates another stay of the case for 60 days while they decide whether to settle.
3 DATED: August 24, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3